| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID L. NEALE (SBN 141225) <br> TODD A. FREALY (SBN 198780) <br> JULIET Y. OH (SBN 211414) <br> JEFFREY S. KWONG (SBN 288239) <br> LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P. <br> 2818 La Cienega Avenue <br> Los Angeles, CA 90034 <br> Telephone: (310) 229-1234 <br> Facsimile:  (310) 229-1244 <br> Email:  dln@lnbyg.com; taf@lnbyg.com; jyo@lnbyg.com; jsk@lnbyg.com <br><br> ☐ *Individual(s) appearing without attorney* <br> ☒ *Attorney(s) for:*  John Pringle, Ch. 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: <br> CINEMA MANAGEMENT GROUP, LLC, <br><br><br><br><br><br><br><br><br><br> Debtor(s). | CASE NO.: 2:24-bk-20369-NB <br> CHAPTER:  11 |
|---|---|
| | **CHAPTER 11 STATUS** <br> **CONFERENCE REPORT (INITIAL)** |
| | Case Status Conference <br><br> DATE: 03/04/2025 <br> TIME: 1:00 pm <br> COURTROOM: 1545 |

**INSTRUCTIONS TO THE DEBTOR(S)**

(1) **Keep your answers brief but informative** (use continuation sheets if necessary, numbered to match the items in this report).

(2) **Do not use this form** (a) for later status reports, which should include only short updates, or (b) if the judge presiding over this case requires the use of a different procedure.

(3) You must file and serve this report **at least 14 days before** the status conference listed above.  Serve it on the Office of the United States Trustee and on any parties requesting special notice, or as otherwise directed by the court.

(4) <u>Failure to follow these instructions may result in dismissal of this case or other sanctions without further notice.</u>

*Definitions:* "Section" ("§") refers to a section of the Bankruptcy Code, Title 11 of the United States Code (11 U.S.C.); a "Rule" means one of the Federal Rules of Bankruptcy Procedure; "LBR" means the Local Bankruptcy Rules; and other terms have the meanings provided in the Bankruptcy Code, the Rules, and the LBR.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*      Page 1      **F 2081-1.1.C11.STATUS.RPT**

| **A. OVERVIEW** | |
|---|---|
| **1. Bankruptcy Petition** | Date filed: S /h /20__ |
| **2. Background and Exit Strategy (discuss all below)**<br><br>a. The Debtor's business/employment;<br>b. principal assets/ liabilities (including possible avoidance actions, environmental liabilities, etc.);<br>c. what caused the bankruptcy;<br>d. exit strategy (for resolving the principal financial and legal issues); and<br>e. progress made toward consensual resolution of any disputed issues.<br><br>***Example:*** "the Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____.  The Debtor lives in one unit and is employed as building manager. Two tenants stopped paying rent.  Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust." | Explain:<br>See Attachment.<br><br><br><br><br><br><br><br><br><br><br><br><br>☒ See attached continuation page(s). |
| **3. Petition Document Compliance**<br><br>a. Has the Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* other documents required by 11 U.S.C. § 521, Rule 1007, and LBR 1007-1 (*e.g.,* any tax returns required by 11 U.S.C. § 521(f), with social security numbers, names of minor children, and other sensitive information blacked out per 11 U.S.C. § 107, § 112, or Rule 9018?); and<br>b. has the Debtor complied with *all* applicable guidelines established by the U.S. Trustee?<br><br>☒ **Yes** | ☐ No (explain):<br><br>The Debtor filed its Petition and Schedules on December 20, 2024, which commenced the Chapter 7 case.  On February 6, 2025, the Court converted the case from Chapter 7 to Chapter 11, and John Pringle (the "Trustee") was appointed as Chapter 11 trustee shortly thereafter.<br><br>*Unless otherwise indicated, references to the "Debtor" herein shall refer to the Trustee.<br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 2                          **F 2081-1.1.C11.STATUS.RPT**

| **B. COMMON "FIRST DAY" MATTERS** | |
|---|---|
| **1. Cash Collateral Use (11 U.S.C. § 363(c))**<br>   a.  Did the Debtor file a stipulation/motion for use of cash collateral (*see* local form F 2081-2.1.MOTION.CASH.COLLATERAL) with local form F 4001-2.STMT.FINANCE?<br>      ☒ **Yes**<br>   b.  Did the court approve the requested use of cash collateral?<br>      ☒ **Yes** (see Order at docket no. <u>65</u>  ).<br><br>      ☐ **No**, there is no cash that any entity can claim as its cash collateral. | ☐ No, other reason (explain):<br><br>he Trustee's motion for use of cash collateral was filed on February 6, 2025.  (Doc. No. 37).<br><br><br><br>☐ See attached continuation page(s). |
| **2. Budget motion**<br>Has the Debtor filed a budget motion?  *See* Local Form F 2081-2.2.MOTION.BUDGET.<br><br>☐ **Yes**<br><br>☒ **No, not required by the presiding judge's procedures** | ☐ No, other reason (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **3. Insider compensation and transfers**<br>Has the Debtor paid any compensation or made any other transfers after this case was filed to or for the benefit of:<br>   (1) Any insider,<br>   (2) Any owner, partner, officer, director or shareholder of the Debtor, or<br>   (3) Any relative of an insider (as defined in 11 U.S.C. § 101(31))<br>except as permitted per LBR 2014-1 and Form USTLA-12?<br>☒ **No** | ☐ Yes (*explain*):<br><br>The Trustee is not aware of any insider compensation or transfers that were made post-petition, but is still investigating.<br><br><br><br>☐ See attached continuation page(s). |
| **4. Automatic stay  (11 U.S.C. § 362(c)(3)&(4))**<br>Is the Debtor an individual who has had one or more bankruptcy cases dismissed within 1 year before this case was filed?<br><br>☒ **No**; or<br><br>☐ **Yes**, and, for one qualifying dismissal, the Debtor will have *"completed" a hearing* to continue the automatic stay within *30 days* after this case was filed under § 362(c)(3); or<br>☐ **Yes**, and, for two or more qualifying dismissals, the Debtor will have filed a motion to impose the stay within 30 days after this case was filed, under § 362(c)(4). *See* LBR 4001-2(e), and Local Form F 4001-1.IMPOSE.STAY.MOTION. | ☐ Other (*explain*):<br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                  **F 2081-1.1.C11.STATUS.RPT**

### B. COMMON "FIRST DAY" MATTERS

**5. Utilities (11 U.S.C. § 366)** (*see* Local Form F 2081-2.4.MOTION.UTILITIES)
Was a utility motion:
(1) *Filed* within 20 days after this case was filed and
(2) *Set for hearing* within 30 days after this case was filed?

☐ **Yes**

☒ **No**, the Debtor has determined that no utility motion is needed

☐ No, other reason (*explain*):

☐ See attached continuation page(s).

### C. LIEN AVOIDANCE ☐ Check here and skip this section if the Debtor does NOT contemplate any lien avoidance.

**1. "Lien Stripping"**
Does the Debtor intend to avoid any unsecured or under-secured liens under 11 U.S.C. § 506 (including motions per *In re Lam,* 211 B.R. 36 (9th Cir. BAP 1997)("*Lam* motions"))?
☒ **No**

☐ Yes (*explain*):

☐ See attached continuation page(s).

**2. Judicial Liens** (see Local Form F 4003-2.1.AVOID.LIEN.RP.MOTION and 4003-2.2.AVOID.LIEN.PP.MOTION)
Does the Debtor intend to avoid any *judicial* liens under 11 U.S.C. § 522(f)?
☒ **No**

☐ Yes (*explain*):

☐ See attached continuation page(s).

### D. PROFESSIONALS (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| Professional's Name | Employment App. Filed | Employment Approved | Type of Employment |
|---|---|---|---|
| Levene, Neale, Bender, Yoo & Golubchik L.L.P. | February 11, 2025 | Employment order not yet entered. | General Bankruptcy Counsel |
| Focus Advisory Services LLC | Employment application to be filed shortly. | Employment order not yet entered. | Valuation Expert and Sales Agent |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                Page 4                F 2081-1.1.C11.STATUS.RPT

**D. PROFESSIONALS** (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| Professional's Name | Employment App. Filed | Employment Approved | Type of Employment |
|---|---|---|---|
| Hahn Fife & Company, LLP | January 30, 2025 | Employment order not yet entered. | Accountant |

☐ See attached continuation page(s)

| *EXAMPLES:*<br>John Doe, Esq. | 1/1/2050 | 1/7/2050 | 11 U.S.C § 327(a) general bankruptcy counsel |
|---|---|---|---|
| Jane Roe et al., LLP | 1/4/2050 to UST, app. to be filed | | 11 U.S.C. §§ 327(e) & 328(a) (special counsel, contingent fee, contract dispute) |
| Richard Poe, Accountant | 1/3/2050 | Pending | 11 U.S.C. § 327(a) (accountant) |

**E.  PROPOSED DEADLINES / PROCEDURES**

| | |
|---|---|
| **1.  Proofs of claim filing deadline**<br>The court will address the deadline to serve a bar date notice at the status conference. | Proposed claims filing bar date: 04/18/25 |
| **2.  Plan of reorganization (or liquidation)**<br>The court will address plan-related procedures at the status conference.  Debtor should be prepared to discuss time estimates for filing a proposed plan and disclosure statement. | Proposed deadline to file a proposed plan and disclosure statement: __/__/__ |
| **3.  Special Plan Procedures**<br>Does the Debtor propose special procedures in connection with any plan or disclosure statement, such as a combined hearing on final approval of the disclosure statement and confirmation of the plan (11 U.S.C § 105(d)(2)(B)(vi))?<br>☒ **No** | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 5                         F 2081-1.1.C11.STATUS.RPT

**NOTE TO THE DEBTOR: YOU MUST ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES**, which deal with very important but less common issues in Chapter 11 cases, such as more "first day" matters, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses".

Date: _02/18/2025_                          Respectfully submitted,

                                            /s/ Jeffrey S. Kwong
                                            _____
                                            Signature of: (1) Debtor's Attorney or (2) Debtor(s)

                                             Jeffrey S. Kwong
                                            _____
                                            Printed name

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          **Page 6**                          **F 2081-1.1.C11.STATUS.RPT**

## PART II: ADDITIONAL QUESTIONS

**INSTRUCTIONS:**  The following matters may not apply in every case, but are very important if they apply to your case. **You must complete every section.**

---

**A.  LEASES AND CONTRACTS** ☐ **Check here and <u>skip this section</u>** if the Debtor is NOT a party to any unexpired leases or unexpired ("executory") contracts (*e.g.,* if the Debtor is a landlord or a tenant).

**NOTE:** *This Status Report is a statement of the Debtor's present intention. It is <u>not</u> equivalent to a motion (if one is required).*

---

| 1. Lease or contract (*describe*): | Intention: |
|---|---|
| The Debtor is a party to various Sales Agency Agreements, Distribution Agreements, and other executory contracts.  The Trustee is currently analyzing these executory contracts pending an anticipated sale process of the Debtor's assets. | ☐ Reject<br>☐ Assume<br>☐ Assume and assign (per 11 U.S.C. § 365)<br>☒ Other (*explain*):<br> See Description. |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |
| 2. Lease or contract (*describe*): | Intention: |
| The Trustee is currently working to return the leased premises to the Landlord, and working to document the agremeent between the parties. | ☒ Reject<br>☐ Assume<br>☐ Assume and assign (per 11 U.S.C. § 365)<br>☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |
| 3. Lease or contract (*describe*): | Intention: |
| | ☐ Reject<br>☐ Assume<br>☐ Assume and assign (per 11 U.S.C. § 365)<br>☐ Other (*explain*): |
| ☐ See attached continuation page(s). | ☐ See attached continuation page(s). |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**B. ADDITIONAL "FIRST DAY" MATTERS** ☒ **Check here and <u>skip this section</u>** if there are NO "first day" matters (caution: double-check the types of motions listed below and read LBR 2081-1).

| | |
|---|---|
| **1. Immediate Payment of Payroll**<br>Does the Debtor need to pay prepetition payroll/benefits (see Local Form F 2081-2.3.MOTION.PAYROLL)?<br><br>☐ **No**, the Debtor does not have employees/qualified independent contractors; or<br><br>☐ **No**, the Debtor's workers were paid in full in cash at the time this case was filed. | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **2. Debtor-in-Possession (DIP) Financing**<br>Does the Debtor contemplate seeking post-petition financing (11 U.S.C. § 364)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **3. Bank Accounts and Cash Management**<br>Is the Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system?<br><br>☐ **No** | ☐ Yes (*explain*):<br>The Trustee will be speaking with the UST about keeping the segregated producer accounts open.<br><br>☐ See attached continuation page(s). |
| **4. Extension to File Petition Documents**<br>Will the Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")?<br><br>☐ **No** (not necessary) | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **5. Special Noticing procedures**<br>Will the Debtor seek to limit notice (or establish special noticing procedures)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **6. Customer Deposits**<br>Will the Debtor seek authority to honor customer deposits/obligations?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **7. Reclamation Claims**<br>Will the Debtor seek procedures for handling reclamation claims (including claims under 11 U.S.C. §§ 503(b)(9) & 546(c))?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 8                    **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **8. Omnibus Hearings**<br>Will the Debtor seek regularly scheduled omnibus hearing dates?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **9. Immediate Payment of Taxes**<br>Will the Debtor seek authority to pay taxes incurred before this case was filed?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **10. Sale Procedures**<br>Does the Debtor contemplate selling assets out of the ordinary course of business (*see* LBR 6004-1)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **11. Employee Incentive/Severance Plans**<br>Will the Debtor seek to use incentive or severance plans for employees?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **12. Joint Case Administration**<br>Will the Debtor seek joint administration of this case with another case?<br><br>☐ **No**, there is no related case. | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **13. Claims/Noticing Agent Appointment**<br>Will the Debtor seek appointment of a claims/noticing agent (*see* Local Form **F 5075-1.1**)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **14. Confidential Information**<br>Will the Debtor seek approval of an information access protocol under 11 U.S.C. § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **15. Special Committees**<br>Are special committees needed (*e.g.,* retirees) (11 U.S.C. §§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the court order that no committee be appointed (11 U.S.C. § 1102(d))?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 9                                    **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **16. Other First Day Motions**<br>Does the Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – *e.g.,* a "critical vendor" motion?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

---

**C. CONSUMERS' CONFIDENTIAL INFORMATION** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor does NOT have possession, custody, or control of consumers' confidential information (*e.g.,* "personally identifiable information" per 11 U.S.C. § 101(41A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Privacy Ombudsman Appointment**<br>Should a "consumer privacy ombudsman" be appointed (11 U.S.C. § 332)?<br><br>☐ **Yes** | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **2. Costs of Record Maintenance or Destruction**<br>How will the Debtor arrange and pay for the maintenance, transfer, or destruction of consumers' confidential information? | ☐ *Explain*:<br><br><br>☐ See attached continuation page(s). |

---

**D. SINGLE ASSET REAL ESTATE ("SARE") CASE** ☒ **Check here and <u>skip this section</u>** if (a) this is NOT a "single asset real estate" case (11 U.S.C. § 101(51B)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Interest Payments to Secured Creditor(s)**<br>Has the Debtor commenced paying postpetition interest to secured creditor(s), at the non-default interest rate, on the value of their interest in the real estate?<br>☐ **Yes**<br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ *Explain*:<br><br><br><br><br>☐ See attached continuation page(s). |
| **2. Plan Filing**<br>Has the Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of 11 U.S.C. § 362(d)(3)?<br>☐ **Yes**<br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ Explain:<br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 10                    **F 2081-1.1.C11.STATUS.RPT**

**E. SMALL BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "small business debtor" (11 U.S.C. § 101(51D)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Small Business Duty Compliance**<br>Has the Debtor complied with *all* the duties in 11 U.S.C. § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br><br>☐ Yes | ☐ No (*explain*):<br><br><br><br><br><br>☐ See attached continuation page(s). |
| **2. United States Trustee Inspection**<br>Has the United States Trustee inspected the Debtor's books, records and business premises (per 11 U.S.C. § 1116(7))?<br><br>☐ Yes | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **3. United States Trustee Interview**<br>Has the Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br><br>☐ Yes | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **4. Report Scheduling**<br>What schedule does the Debtor propose for filing the "periodic financial and other reports" required by 11 U.S.C. § 308 (*e.g.,* monthly with MORs)? | ☐ Monthly<br>☐ Other (*explain*):<br><br>☐ See attached continuation page(s). |
| **5. Automatic Stay**<br>Is the automatic stay applicable?  *See* 11 U.S.C. § 362(n)(1) (which might eliminate the automatic stay if the Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br><br>☐ **Yes**, the automatic stay applies.<br><br>☐ **No**, the automatic stay does not apply, but the Debtor will seek relief under 11 U.S.C. § 362(n)(2). | ☐ No (*explain*):<br><br><br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F. HEALTH CARE BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "health care business" (11 U.S.C. § 101(27A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Patient Care Ombudsman**<br>Is appointment of a patient care ombudsman required (11 U.S.C. § 333)?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br>☐ See attached continuation page(s). |
| **2. Costs of Patient Care or Transfer**<br>How will the Debtor arrange and pay for proper care or transfer of any patients, in the event that the Debtor's health care business is closed (*see* 11 U.S.C. § 704(a)(12), incorporated by 11 U.S.C. § 1106(a)(1))? | ☐ *Explain*:<br><br><br><br>☐ See attached continuation page(s). |

**G. EMPLOYEE BENEFIT PLANS** ☒ **Check here and <u>skip this section</u>** if there is NO employee benefit plan (per 11 U.S.C. § 704(a)(11), incorporated by 11 U.S.C. § 1106(a)(1))?

| | |
|---|---|
| **1. Debtor's Plan Duties**<br>Was the Debtor, or any entity designated by the Debtor, an "administrator" of such a plan as of the commencement of this case?<br><br>☐ **No** | ☐ Yes (explain):<br>The Debtor had a 401(k) plan that is no longer neccessary, which will be wound down.<br>☐ See attached continuation page(s). |
| **2. Plan Administration**<br>What steps will the Debtor take to continue to administer such plan (11 U.S.C. §§ 521(a)(7), 704(a)(11), 1106(a)(1))? | ☐ Explain:<br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          Page 12                                          **F 2081-1.1.C11.STATUS.RPT**

## ATTACHMENT TO STATUS REPORT
## (PART 2: BACKGROUND AND EXIT STRATEGY)

### A. Background

1.      Cinema Management Group, LLC (the "Debtor") commenced its bankruptcy case by filing a voluntary petition under Chapter 7 of title 11, sections 101 *et seq.* of the United States Code (the "Bankruptcy Code") on December 20, 2024 (the "Petition Date").

2.      On or shortly after the Petition Date, Elissa Miller was appointed as the Chapter 7 trustee of the Debtor's bankruptcy estate. Thereafter, on January 3, 2025, Ms. Miller resigned as the Chapter 7 trustee in the Debtor's case due to a conflict of interest or a situation creating the appearance of a possible conflict [Doc. No. 5].

3.      On or about January 9, 2025, John Pringle was appointed as the Chapter 7 trustee ("Trustee") of the Debtor's bankruptcy estate.

4.      On January 31, 2025, the Trustee filed his motion to convert the Debtor's case from Chapter 7 to Chapter 11 (the "Conversion Motion").

5.      The Court's order granting the Conversion Motion was entered on February 6, 2025, and the Trustee was appointed Chapter 11 trustee in this case on February 10, 2025.

6.      The Debtor is a full service international sales company that was previously headed by veteran sales and distribution executive, Edward Noeltner.  According to the Debtor's company website (https://www.cinemamanagementgroup.com), the Debtor was launched in 2003 with the exclusive international sales on *Hoodwinked – The True Story Of Little Red Riding Hood*, the hit animated feature which went on to gross over $110 million in its worldwide theatrical release and, since 2003, the Debtor has added over 80 titles to its line-up which includes quality feature films of all genres, 3-D animated features and series as well as award-winning feature-length documentaries.

7.      As of the Petition Date, the Debtor held distribution rights related to eighty-two (82) feature films. Typically, for each feature film, the Debtor entered into a written sales agency agreement with the production company that owns the rights to such film (each, a "Sales Agency

Agreement," and collectively, the "Sales Agency Agreements"), pursuant to which the Debtor was granted the exclusive right to negotiate and enter into agreements (the "Distribution Agreements") with third party distributors, licensees and broadcasters ("Distributors") to distribute the film within specified territories.

8.     The Sales Agency Agreements generally provide for the Debtor to represent the films within a territory (including to promote and market the films at film and television festivals/markets), to negotiate and enter into Distribution Agreements to distribute the films, to collect revenues due from Distributors under the Distribution Agreements, to ensure the timely delivery of film materials to Distributors as required under the Distribution Agreements, and to consult with the production company regarding the status of the foregoing sales and distribution activities. In exchange for such services, the Debtor is typically entitled to the payment of a commission based on the gross receipts earned from the distribution of the film rights, plus certain recoupable expenses as specified in the Sales Agency Agreements.

9.     The Debtor's filed bankruptcy schedules [Doc. No. 1] list assets with a total estimated value of approximately $2,432,000 as of the Petition Date, including cash of approximately $1,248,000 and outstanding accounts receivable with a total face value of approximately $240,000. The foregoing figures do not take into account the value of the payments potentially due to the Debtor from Distributors under the terms of the Distribution Agreements (the "Potential Distribution Collections"), to which the Debtor's schedules attribute an "Unknown" value.

10.     The Debtor's filed bankruptcy schedules list two secured debts owed to Banc of California and Bondit LLC totaling approximately $2,918,000 and unsecured debts totaling approximately $7,356,000. All but $150,000 of the total amount of unsecured debt listed by the Debtor relates to obligations purportedly due or will become due from the Debtor under the Sales Agency Agreements.

11.     Immediately following his appointment, the Trustee and his proposed counsel began evaluating the Debtor's assets (including the Debtor's rights under the Sales Agency Agreements

and Distribution Agreements), the Debtor's liabilities, and the Debtor's business operations to determine the best way to maximize the value of the Debtor's assets and realize the highest possible recovery for the Debtor's creditors.

12.     Based on the Trustee's investigation to date, the amount of the secured debt owed by the Debtor to Banc of California is substantially overstated by the Debtor and is actually only approximately $1,400,000 (vs. $2,580,000 as listed in the Debtor's bankruptcy schedules). Accordingly, the total amount of the Debtor's secured debt is approximately $1,738,000 (vs. $2,918,000 as listed in the Debtor's bankruptcy schedules).

13.     The Trustee believes, based upon his discussions with the Debtor's principals and employees as well as Philip Fier of Focus Advisory Services, a third-party valuation expert within the film and television industry, that if the Debtor's case is converted to one under Chapter 11, the Debtor's business operations can be maintained in the ordinary course of business (on a streamlined basis), and the value of the Sales Agency Agreements and Distribution Agreements can be preserved and maximized for the benefit of the Debtor's creditors through an expedited sale process.

14.     Based on his preliminary analysis of the Debtor's film library and related rights, Mr. Fier has advised that a Chapter 11 sale process for the Debtor's assets, which maintains the Debtor's business as a going concern, would be the best way to attract serious buyers and maximize the value that can be realized for the Debtor's assets.  Mr. Fier believes that a sale process for the Debtor's assets could be accomplished within approximately sixty (60) days.[1]

15.     The Trustee believes that Tiffany Kilgore, the Marketing and Logistics Director for the Debtor, and Makayla Wilson, the Head of Operations for the Debtor (collectively, the "Former Employees"), are both willing to work with the Trustee to maintain the Debtor's business operations and fulfill the Debtor's obligations under the Sales Agency Agreements and Distribution Agreements. Ms. Kilgore, who has worked with the Debtor for over a decade, will be

---

[1] *See* (Doc. No. 19) (Fier Decl., para. 6).

able to provide guidance regarding the terms of the Sales Agency Agreements and Distribution
Agreements, ensure compliance with marketing and advertising commitments related to the films
in the Debtor's library, collect amounts owed from Distributors, and perform other related
services. Ms. Wilson will be able to invoice Distributors to ensure timely collections under the
Distribution Agreements, perform general bookkeeping services, and manage and update the list
of the Debtor's library of film rights. Due to personal issues, Edward Noeltner (the Debtor's
President) will not be involved with "day to day" operations, but has informed the Trustee that he
will be available to respond to any questions relating to the business.

16.    The Trustee currently has authority to use cash collateral pursuant to the Court's
interim cash collateral order entered on February 13, 2025.  (Doc. No. 65).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 2818 La Cienega Avenue, Los Angeles, California 90034.

A true and correct copy of the foregoing document entitled **CHAPTER 11 STATUS CONFERENCE REPORT (INITIAL)** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jerome S Cohen    jsc@jscbklaw.com**
- **Todd A. Frealy    taf@lnbyg.com**
- **Jeffrey S Kwong    jsk@lnbyg.com, jsk@ecf.inforuptcy.com**
- **Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com**
- **Dare Law    dare.law@usdoj.gov**
- **Peter M Lively    PeterMLively2000@yahoo.com**
- **John D Monte    johnmontelaw@gmail.com, monte.johnb117807@notify.bestcase.com**
- **David L. Neale    dln@lnbyg.com**
- **Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com**
- **Scott Olson    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com**
- **John P Pringle (TR)    brenfro@rpmlaw.com, jpp@trustesolutions.net;jpringle@rpmlaw.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>: On **February 18, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠  Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 18, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 18, 2025 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:24-bk-20369-NB
Central District of California
Los Angeles
Tue Feb 18 09:35:50 PST 2025

Cinema Management Group, LLC
8501 Wilshire Boulevard - Suite 320
Beverly Hills, CA 90211-3134

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

7137443 Canada, Inc.
420 Beaubien Ouest - Suite  204
Montreal, Quebec Canada H2V 4$6

9129-4181 Quebec, Inc
209 Place Jean Juneau
St Augustin de Desmaures, Quebec Canada

A Stranger in Paradise, LLC
c/o Jay Boccia and Daemon Hillin
1112 Montana Avenue
Santa Monica, CA 90403-1652

Aliwood Mediterraneo Producciones
Paseo de la Explanada de Espana - #
Alicante, Spain

American Inquisition, LLC
c/o Uncommon Productions, LLC
760 Main Street - 3rd Floor
Waltham, MA 02451-0625

Andes Distribution LLC
3737 Howard Hughes Parkway -  Suite 500S
Las Vegas, NV 89169

Argentum Ent/Nouvelle Vie, LLC
21201 Kittridge Street - #4412
Canoga Park, CA 91303-5020

Attorney for Cool Beans BV
Jerome S. Cohen
361 North Martel Avenue
Los Angeles, CA 90036-2515

Banc of California
10100 Santa Monica Boulevard - Suite 500
Los Angeles, CA 90067-4121

Blood Out Productions, LLC
10000 Celtic Drive
Baton Rouge, LA 70809-2501

Bondit LLC
1639 11th Street - Suite 160
Santa Monica, CA 90404-3727

Bubble Distribution, LLC
8840 Wilshire Boulevard
Beverly Hills, CA 90211-2606

C-Films Deutschland GmbH
Neuer Pferdemarkt 23
Hamburg 20359 Germany

Carpe Diem Film TV, Inc.
5337 Boul St Laurent - Suite 210
Montreal, Quebec Canada H2T 1 S5

Cleveland Family Trust
Attn: Russell Cleveland
5307 Bent Tree Drive
Dallas, TX 75248-2005

Comet Film GmbH
Wilhelminenstr. 6 01099 Dresden
Germany

Cool Beans BV
Donkercurtiusstraaat 7/500 A
1051 JL Amsterdam, The Netherlands

Cool Beans BV
Joop Geesinkweg 501
11114 AM Amsterdam, The Netherlands

Distribution 10e Ave Inc.
209 Jean-Juneau St-Augustin de Desmaures
Quebec Canada G3A 2W1

Dream Well Studio
Olu Iela 9 Riga, LV 1024
Latvia

ENT One Studios, LTD
Pory 65/48 02-757 Warsaw
Poland

Edward Noeltner
112 rue Caulaincourt
Paris, France 75018
CA

Franchise Tax Board
ATTN:  Bankruptcy
POB 2952
Sacramento, CA 95812-2952

Frobro Films, LLC
124 West Garfield Avenue - Apt A
Glendale, CA 91204-2102

Gasland, LLC
37 Grand Avenue - 3rd Floor
Brooklyn, NY 11205-1309

Gullane Entretenimento SA
Rue Baralha, 137
Alto da Lapa 05083-020 S?o Paulo Brazil

Gunned Down Productions, Limited
20 Bunhill Row
London ECIY 8UE Great Britain

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

James M. Sullivan
SEYFARTH SHAW LLP
620 Eighth Avenue
32nd Floor
New York, NY 10018-1595

Jim Taylor
6481 Weeping Willow Way
Tallahassee, FL 32311-0309

Karen Frederickson
1417 Glenbrook Drive
Oklahoma City, OK 73118-1025

Khumba Film Pty Ltd
The Long House Dreyersdal Farm
Bergvliet, Caps Town South Africa

Liddell Entertainment, LLC
606 North Larchmont Boulevard - Suite 20
Los Angeles, CA 90004-1309

Lipper/Daly Productions, LLC
13838 Albers Street
Van Nuys, CA 91401-5811

Little Big Boy, AIE
Calle de la Lleialtat 16, 4th Floor
Barcelona 08001, Spain

Loosies LLC
255 Main Street
East Greenwich, RI 02818

Loving Vincent Distribution Limited
14a Goodwin's Court
London WC2N 4LL United Kingdom

Loving Vincent Limited
14a Goodwin's Court
London WC2N 4LL United Kingdom

MPI, Ltd
11300 West Olympic Boulevard - Suite 770
Los Angeles, CA 90064-1644

Marie-Claude Beauchamp
420 Beaubien Wes - Suite 204
Montreal, Canada H2V 4S

Melmoth Productions Limited
9-11 Broadwick Street
London W1F 0DB, United Kingdom

Mission Katmandou Inc.
209 Jean-Juneau St- Augustin de Desmaure
Quebec, Canada G3A 2W1

Mondex & Cie Sarl
10 Rue Mesnil Paris 75116
France

Mulmur's Still, Inc.
528100 5th Sideroad
Mansfield, Ontario Canada L0N 1MO

No Man's Land LLC
423 North Fairview Strret
Burbank, CA 91505-3528

Numb Production Ltd
6508 Denbigh Avenue - $416
Burnaby, BC Canada V5H W6

Odd Box, LLC
14301 Caliber Drive - Suite 300
Oklahoma City, OK 73134-1016

Parsimony Pictures, LLC
13031 Villosa Place - #109
Playa Vista, CA 90094-6500

Paul J. Laurin, Esq.
Jonathan Boustani, Esq.
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904

Ratchet Poductions LLC
200-2025 West Broadway
Vancouver, British Columbia Canada V6J 1
CA

Roslyn Productions, LLC
852 Bay Street - #5
Santa Monica, CA 90405-1362

Saving Santa The Movie, LLC
9 Wimple Street
London W1G 9SR United Kingdom

Scott Olson
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105-2930

Shax Animation France
146 Avenue de Lodeve
34070 Montpellier France

Son of House Limited
19 Lesmill Road
Toronto, Ontario M3B2T3  Canada

The Character Shop
64 Water Street - Jewelery Quarter
Birmingham B3 1 HN United Kingdom

The Institution
475 Gold Canyon Road
Calabasas, CA 91302-2204

The Perfect Host, LLC
2932 Wilshire Boulevard - Suite 201
Santa Monica, CA 90403-4948

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

WW Entertainment BV
Meeuwenlaan 100
1021JL Amsterdam Netherlands


Wonderdog 1 Productions, Inc.
341 Water Street - Suite 200
Vancouver, British Columbia V6B1B8

Zambezi Film Pty Ltd
The Long House Dreyesdal Farm
Bergvliet, Cape Town, South Africa

John D Monte
Law Offices of John D. Monte
15303 Ventura Blvd Ninth Fl
Suite 710
Sherman Oaks, CA 91403-6667


John P Pringle (TR)
Roquemore, Pringle & Moore, Inc.
13300 Crossroads Parkway North Suite 185
City of Industry, CA 91746-3404

Peter M. Lively
11268 Washington Blvd, Suite 203
Culver City, CA 90230-4647


          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)4 Cats Pictures, S.A.U.

(u)4 Cats Pictures, S.L.U.

(u)Anangu Grup, S.L.U.


(u)Atresmedia Cine, S.L.U.

(u)Cool Beans BV

(u)Little Big Boy, A.I.E.


(u)Mogambo Entertainment, S.L.

(u)Seyfarth Shaw LLP

(u)Wonderdog 1 Productions Inc.


(u)Afraid of the Dark LLC

(u)Atresmedia Cine, SLU
Avenida Isla Graciosa, 13
San Sebasti?n de los Reyes 28073 Madrid,

(u)Bullett Entertainment LLC Broken Vows
13488 Maxella Ave - Suite 204


(u)Cool Beans BV
Joop Geesinkweg 501/2A7 1114AB
Amsterdam

(u)Loving Vincent Sp.z.o.o.
UL Trzy Lipy 3
80-172 Gdansk

(u)Marina del Rey, CA 90292


End of Label Matrix
Mailable recipients    67
Bypassed recipients    15
Total                  82